IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO E. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-216 |
| | ) | Judge Terrence F. McVerry |
| LT. JOHN YANCOSEK, SGT. ROBERT | ) | Magistrate Judge Lisa Pupo Lenihan |
| LEMMONS, PTLM. DANIEL RUSH, | ) | |
| PTLM. RONALD MCINTYRE, as | ) | ECF No. 36 |
| individuals in their official capacity, | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

For the reasons set forth below, it is respectfully recommended that the Defendants' Motion for Judgement on the Pleadings be granted.

### II. **REPORT**

This is a civil rights action under 42 U.S.C. §§1983, 1985 and 1986 brought by *pro se* Plaintiff Antonio E. Wright, in which he alleges that he was subject to excessive force and false arrest by the Defendants, members of the City of Washington police force. Because Plaintiff's claims began to accrue at the time of his arrest on March 15, 2006, and this action was not commenced before February 20, 2009, those claims are barred by the applicable statutes of limitations.

A.  **Statement of Facts**

Plaintiff asserts that on March 15, 2006, he was injured (to a degree requiring hospitalization) in the course of an unwarranted arrest outside of the Defendants' jurisdiction, during which the Defendants assaulted him.  He further alleges that on February 21, 2007, he filed a criminal complaint against Defendants with the District Attorney for Washington County, Pennsylvania, to which he received no response from that office.  Plaintiff is presently incarcerated in a Federal Correctional Institution in West Virginia, having been convicted of multiple crimes.

Defendants respond that Plaintiff "resisted arrest, attempted to escape from the Defendants, attacked the Defendants, attempted to shoot Defendants, and may have been injured in the altercation initiated by Plaintiff."  Defendants' Answer at ¶ 9.  And that they had permission from the Pennsylvania State Police to proceed into the next jurisdiction with regard to Plaintiff's arrest on suspicion of a crime "for which a warrant was in the process of being filed."  Id. at ¶ 11.

Plaintiff's initial Complaint was received by the Court on February 20, 2009.  Plaintiff was granted leave to proceed *in forma pauperis* and the Complaint was filed by Order of March 24, 2009.  It was amended on July 17, 2009.  Plaintiff asserts, on the basis of his March 15, 2006 arrest, the above-noted civil rights claims, as well as claims for declaratory and injunctive relief.  Presently before this Court is the Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

B. <u>Analysis</u>

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard applied to judgment on the pleadings under Rule 12(c) is the same applied under Rule 12(b)(6). <u>See, e.g.</u>, <u>Haynes v. Metropolitan Life Ins. Co.</u>, 94 Fed. Appx. 956, 958 (3d Cir. 2004) (citing <u>Turbe v. Gov't of the Virgin Islands</u>, 938 F.2d 427, 428 (3d Cir. 1991)). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all the allegations and reasonable inferences drawn from the complaint, when viewed in the light most favorable to plaintiff. <u>See, e.g.</u>, <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir.1997). And a motion to dismiss should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." <u>Id.</u>

Plaintiff's § 1983 civil rights claims are subject to Pennsylvania's two-year statute of limitations for personal-injury torts and accrued when his injury was sustained. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007); <u>Koehnke v. City of McKeesport</u>, 2009 WL 3451263 (3d Cir. Oct. 28, 2009); 42 Pa. Con. Stat. Ann. § 5524.[1] His asserted claims under § 1985 and § 1986 are subject to a two and one year statute of limitations, respectively. <u>See</u> <u>Getchey v. County of Northumberland</u>, 120 Fed.Appx. 895, 897 (3d Cir. 2005); 42 U.S.C. § 1986.

---

1. <u>See also</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1386 (3d Cir.1994) ("A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury ... not upon awareness that this injury constitutes a legal wrong.")(citing <u>Keystone Ins. Co. v. Houghton</u>, 863 F.2d 1125, 1127 (3d Cir. 1988)).

3

Plaintiff's civil rights claims are, therefore, clearly time-barred. His Complaint alleges claims largely in the nature of excessive force, which claims began to run on March 15, 2006, as did his claims for false arrest. See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). Plaintiff is mistaken in his assertion that, under Heck v. Humphrey, 512 U.S. 477 (1994), those claims did not begin to run until July 17, 2007 when, as he describes it, his state criminal charges were "dismissed" and, as Defendants recount, the state court charges were withdrawn as a result of Plaintiff's federal indictment. To the contrary, Heck is inapplicable to the statute of limitations analysis of Plaintiff's claims for excessive force or false arrest, as such claims do not necessarily imply the invalidity of a conviction or sentence. See Montgomery, 159 F.3d at 126 n. 5 (citing Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1993)). Although Heck is applicable to a claim of malicious prosecution, Plaintiff has not pled such claim, nor could he succeed on one, as it would require him to show both that Defendants lacked probable cause and that the criminal proceedings ended in Plaintiff's favor. See, *e.g.*, Ginter v. Skahill, 298 F.Appx. 161, 163 (3d Cir. 2008); Hilton v. Kronenfeld, 2008 WL 305276, * 9 (D.N.J. 2008). See also United States of America v. Antonio Eugene Wright, 2:07-cr-00233-ANB-1 (W.D. Pa., Bloch, J.). Finally, Plaintiff has not stated any entitlement to equitable tolling on account of, *e.g.*, his being prevented in some extraordinary way (such as fraudulent concealment) from asserting his rights and filing his civil action. See generally Seitzinger v. Reading Hosp. and Medical Center, 165 F.3d 236 (3d Cir. 1999).

In the absence of any underlying civil rights claim, Plaintiff's claims for declaratory or injunctive relief cannot stand. See 28 U.S.C. § 2201, *et seq.*

### III. CONCLUSION

For the reasons aforesaid, it is respectfully recommended that the Defendants' Motion for Judgment on the Pleadings be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: August 3, 2010

                            BY THE COURT:

                            LISA PUPO LENIHAN
                            United States Magistrate Judge

cc: Antonio E. Wright
     09497068
     FCI at Gilmer
     PO Box 6000
     Glenville, WV 26351